No. 2490

Second Circuit

**SUGAR BROTHERS COMPANY, LTD., v.**

**KILPATRICK**

(April 24, 1926, Opinion and Decree)

(*Syllabus by the Court.*)

1. **Louisiana Digest—Pleading—Par. 118.**

In the absence of allegation and proof of error or fraud, plaintiff cannot recover on a contract marked "cancelled" or on a note attached thereto as collateral marked "paid".

Appeal from the Fourth Judicial District Court of Louisiana, Parish of Ouachita. Hon. W. F. Pipes, Judge ad hoc.

Action by Sugar Brothers Company, Ltd., against A. K. Kilpatrick.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Adolph Wolff, of Monroe, attorney for plaintiff, appellant.

J. M. Munholland, of Monroe, attorney for defendant, appellee.

STATEMENT OF THE CASE

REYNOLDS, J. In this suit plaintiff asked for judgment on a contract in writing whereby defendant obligated himself to pay plaintiff $1200.00 provided certain policies of fire insurance were paid. The policies were paid and plaintiff is now suing for the amount nominated in the bond.

Defendant alleged payment and full satisfaction of the bond.

On these issues the case was tried before the Hon. W. F. Pipes as Judge ad hoc, who rendered judgment in favor of the defendant, and plaintiff has appealed.

The Judge ad hoc gave the following well-considered reasons for judgment:

"L. B. Kilpatrick was formerly in the grocery business at Monroe. Some time during the year 1922 his store and stock of goods burned. The property burned was insured against loss of fire for

$5500.00. At the time of the fire L. B. Kilpatrick was heavily involved. He owed, approximately, $2000.00 more than his property was insured for. Soon after the fire his creditors threatened to start legal proceedings to protect themselves by seizing the insurance funds. Sugar Brothers Company, Limited, the plaintiff in this case, was one of these creditors. A. K. Kilpatrick, defendant herein, and a brother of L. B. Kilpatrick, entered into a contract with the plaintiff guaranteeing that he would pay to the plaintiff $1200.00 on the day the insurance company paid the insurance, if the full amount of the policies were paid; and, if the full amount were not paid, then he would pay 1656-7300 of the total amount that was paid. This undertaking was conditioned upon the payment by the insurance company of some portion of the insurance carried by L. B. Kilpatrick. The full amount of the policies was paid, namely, $5500.00, and some time thereafter A. K. Kilpatrick gave to Sugar Bros. a cashier's check for $1200.00. Upon receipt of this check—which was paid—Sugar Bros. marked the note it held of A. K. Kilpatrick and the contract of guaranty paid, and delivered them to him. Subsequently the plaintiff sued A. K. Kilpatrick on the contract of guaranty, alleging that it had performed its part thereof but that the defendant had not complied with any part of the obligations therein assumed by him. The petition sets out in full the contract of guaranty of A. K. Kilpatrick, simply alleging that the defendant owed it a certain amount, and no mention is made therein of the payment of $1200.00, nor is there any allegation in the petition explaining why the contract was marked paid and the collateral security held by plaintiff receipted and surrendered to defendant.

"Defendant filed his answer and admited but denied the indebtedness and plead the execution of the contract sued upon, payment. Defendant also filed a plea of estoppel on the grounds that the plaintiff had filed its proof in bankruptcy court, in the matter of the bankruptcy of L. B. Kilpatrick, alleging that it 'has not, nor has any person by his order, or to the knowledge or belief of said deponent, for the claimant's use, had or received any manner of security for said debt whatever'. This case was tried before the Hon. Fred M.

Odom, but was never decided by him, due to his election to the Court of Appeal. The theory on which the plaintiff bases its right to recover is that the payment of $1200.00 to it was no payment at all, since it had to pay this sum back to the bankrupt's estate; and that the contract of guaranty of A. K. Kilpatrick was an individual obligation on his part to pay the debt of L. B. Kilpatrick. I am of the opinion that the plaintiff cannot recover on either of these grounds. He who alleges payment must prove it. C. C. 2232. The petition denies that any part of the obligations assumed by defendant have been paid, except $543.56, and how this was made the petition does not show; but from the testimony of plaintiff's witnesses this amount was paid to it by the trustee of the estate of L. B. Kilpatrick, bankrupt. The defendant in his answer sets out that the obligations contained in the written contract were paid; that the plaintiff accepted payment and receipted the account in full, and thereupon delivered to defendant his note and the contract. Defendant contends that by accepting payment and giving receipt therefor, plaintiff is estopped.

"On page 7 of the record, the president of plaintiff's firm testified on direct examination that no part of the obligation assumed by A. K. Kilpatrick had been paid.

"On page 11 of the record he testified:

"Q. And do you know it (note) was marked paid because A. K. Kilpatrick came in and delivered a cashier's check issued by a bank in Ruston for $1200.00 and demanded that note?

"A. What kind of cashier's check?

"Q. Cashier's check from Ruston?

"A. Payable to who?

"Q. Sugar Brothers. It was delivered at that time.

"A. Cashier's check.

"Q. How much?

"A. $1200.00.

"Q. Sugar Brothers collected that check, did they?

"A. They did.

"Q. And delivered this contract and

$1800.00 note and the $1200.00 mortgage note at the time?

"A. We did.

"Q. And marked the contract cancelled and the $1200.00 note paid?

"A. Seemingly we did.

"Q. Don't seemingly, didn't you do it and don't you know it?

"A. I know that, but still I didn't see this particular note.

\* \* \* \*

"Q. You collected the check?

"A. We collected the check and marked the contract and notes paid.

\* \* \* \*

"Q. And you at the same time delivered a receipt in full to Lonnie Kilpatrick?

"A. A. K. Kilpatrick.

"Q. For Lonnie Kilpatrick's debt?

"A. That's right.

"Defendant proved by plaintiff's own witnesses that the obligations assumed had been paid in full. Plaintiff's witness was then asked by his attorney what became of the $1200.00 and the attorney for defendant objected for the reason that such evidence was irrelevant and inadmissible under the pleadings and an attempt to enlarge the pleadings. This objection was sustained, and rightfully so, for when plaintiff sued on an obligation, alleging that it was unpaid, and the defendant answers alleging payment, and the plaintiff on the witness stand admits that payment was made, I think it is immaterial what became of the funds, in the absence of a proper allegation in the petition to show what became of them. The plaintiff offered in evidence the entire proceedings of the trustee for the bankrupt, L. B. Kilpatrick, in the suit in the U. S. court to recover the $1200.00 paid to the plaintiff herein. Objection was made to this offering and the objection was sustained with leave granted the plaintiff to attach the evidence to a bill of exceptions taken. I have carefully considered this evidence, even though I consider it inadmissible under the pleadings, and I believe that it explains thoroughly the intent of the guaranty contract.

"Paragraph three of the contract obligates the defendant to pay Sugar Bros. 75% of the debt L. B. Kilpatrick owes it, provided the insurance company pays the full amount of the insurance polices, to-wit: $5500.00. Payment was to be made on the date the insurance company paid the policies.

"Paragraph four of the contract provides that if the insurance company did not pay the full amount of the policies, then the defendant was to pay to Sugar Brothers 1636-7300 of the amount of the policies that the insurance company did pay.

"Paragraph five of the contract provides that L. B. Kilpatrick shall remain indebted to plaintiff in the sum of 75% of the total account, less 1636-7300 of the amount of insurance collected, if the amount collected is less than the total amount. If the insurance company paid nothing on the policies, then, under the contract, the defendant herein would owe the plaintiff nothing.

"On page 14 of the record, the president of the plaintiff firm testified as follows:

"Q. Now isn't it a fact and isn't it your understanding that the way the amount of this note for $1200.00 was arrived at was that it was 75% of the indebtedness of L. B. Kilpatrick to Sugar Bros.; that the insurance on the stock of merchandise and fixtures of L. B. Kilpatrick that was destroyed amounted to $5500.00, and that that $5500.00 was 75% of the indebtedness of L. B. Kilpatrick?

"A. That's the tenor of the contract.

"Q. That's what the contract is?

"A. Yes, sir.

"Q. And that this contract was required of A. K. Kilpatrick as security to Sugar Bros. that they would get 75% of that $5500.00 insurance?

"A. Yes.

"On page 4 of the proceedings in the federal court, being evidence attached to the record on exception, the defendant testified as follows:

"Q. Mr. Kilpatrick, in that contract you obligated yourself to pay to Sugar Bros. in the event that the entire amount of the insurance was not paid the sum of $1636.73 of the sum or amount collected?

"A. Yes, sir.

"Q. How did you arrive at those figures? What was the reason for putting that clause in the contract?

"A. Well, I don't know. That could possibly be explained better by Mr. Newton. My own idea of this contract was this, that if my brother's fire insurance policies were paid I would guarantee Sugar Brothers that they would get their part of the money that was coming to them. In other words, I would pay them $1200.00 of whatever amount I guaranteed, and give them that if my brother received his money from the insurance policies; that he would not spend it instead of paying his debts. In other words, I just made a contract with Sugar Brothers, that they would get their part of whatever money was coming to them out of the insurance. And I had—we headed the figures up, and I think it amounted to the sum of those figures that Mr. Newton has down there.

"As the contract imposes no liability on the defendant, A. K. Kilpatrick, unless some part of the insurance was paid, I am of the opinion that it was the intention of the parties to the contract that A. K. Kilpatrick would pay to Sugar Bros. $1200.00 of the insurance money, and as this was done, the defendant has fulfilled his obligation to the plaintiff.

"Counsel for defendant has filed a brief in which he seriously urges that the plea of estoppel be sustained. I have decided the case on the merits, without considering this defense, as there is some doubt in my mind as to the merits of the plea."

After reading all the evidence and the allegations in this case, we fully concur in the findings of the trial judge and make his reasons for judgment our reasons in this case, except as to the last clause, in which he says there is doubt in his mind as to the merits of defendant's plea of estoppel, and as to this plea we express no opinion, as it is not necessary to a correct decision of the case on its merits.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.